# EXHIBIT A

Shane D. Gosdis (#13959)
**GOSDIS LAW FIRM, PLLC**
5085 South State Street
Murray, Utah 84107
Telephone: (385) 429-9960
Fax: (385) 474-6126
E-mail: s@gosdis.lawyer

Attorney for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MAYRA LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a corporation; SAM'S WEST, INC., dba SAM'S CLUB, a corporation; and JOHN DOES 1-10,<br><br>Defendants. | **COMPLAINT**<br><br>Case No.: 210904152<br><br>Judge Adam Mow<br><br>**Tier 3** |

Plaintiff Mayra Lopez complains against defendants Walmart Inc, a for profit corporation;

Sam's West, Inc., doing business as Sam's Club; and John Does 1-10 as follows:

### PARTIES

1.      Plaintiff Mayra Lopez ("Plaintiff") is a resident of Salt Lake County, State of

Utah.

2.      On information and belief, defendant Sam's West, Inc., doing business as Sam's

Club ("Sam's Club") is a corporation doing business in the State of Utah.

3.      On information and belief, defendant Walmart Inc., ("Walmart") is a corporation

doing business in the State of Utah.

4.      Defendants John Does 1-10, inclusive, are individuals or entities that may have

contributed to the damage described herein. Plaintiff does not currently know the identities of John Does 1-0 but reserve the right to amend this Complaint to identify said entities and individuals and describe their roles in this matter if the same are discovered in the course of this litigation.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to Utah Code Ann. § 78B-6-401.

6.      Venue is proper in this Court, including, without limitation, pursuant to Utah Code Ann. § 78B-3-307(1)(a).

## FACTUAL BACKGROUND

7.      On or about February 1, 2021, Plaintiff was shopping in Sam's Club, located at 1905 S 300 W, Salt Lake City, Utah 84115 ("Premises").

8.      At the time of the incident, defendant Sam's Club had placed a box containing merchandise on top of a wooden pallet ("pallet") that did not cover the pallet entirely. The pallet was placed in or near a shopping aisle or other part of the Premises where it was exposed to shoppers and other invitees, including Plaintiff.

9.      While shopping, Plaintiff tripped on the pallet and fell to the floor, causing her severe injuries.

10.     Defendants knew or should have known that the pallet created a dangerous condition for Plaintiff and other shoppers.

11.     Defendants knew or should have known that they should have placed warning, caution, or any other signs to warn invitees, including Plaintiff, of the dangerous condition posed by the pallet, but failed to do so.

2

12.     As a result of Defendants' above-referenced failures, Plaintiff sustained severe and serious injuries, including physical pain, emotional pain, medical bills, and loss of enjoyment of life.

## COUNT ONE
### (Premises Liability – All Defendants)

13.     Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

14.     At all relevant times, Defendants owned, leased, rented, occupied, possessed, designed, constructed, utilized, operated, maintained, managed, monitored, controlled and/or supervised the Premises.  At all relevant times, Defendants held the Premises open to the public for purposes directly or indirectly connected to their business.

15.     At all relevant times, Defendants negligently, carelessly and recklessly failed to use reasonable care to design, construct, develop, operate, maintain, inspect, repair, modify, manage, monitor, control and/or supervise the Premises, and/or permitted or created the dangerous and unsafe condition on the Premises so as to prevent, discover and/or repair dangerous and/or defective conditions thereon, as alleged herein, and that at all relevant times, the conditions of the Premises were such that members of the public and other invitees upon the Premises, including Plaintiff, were exposed to danger and potential injury.

16.     Defendants knew, or in the exercise of reasonable care should have known, that unless reasonable inspections, care, control and/or maintenance were taken of the Premises, that the unsafe and dangerous condition alleged herein would exist on the Premises and would present an unreasonable risk of harm to members of the public and other invitees, including Plaintiff.

17.     Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff would not discover the unsafe and dangerous condition presented by the pallet and would

3

be unable to protect herself from such dangerous condition.

18.     As set forth above, as a proximate result of Defendants' acts and omissions, as alleged herein, Plaintiff suffered physical and/or mental pain and suffering (and will continue to suffer physical and/or mental pain and suffering into the future) in the amount to be proved at trial.

19.     As set forth above, as a proximate result of Defendants' acts and omissions, as alleged herein, Plaintiff also incurred medical bills (and will continue to incur medical bills in the future) in an amount to be proven at trial.

20.     As set forth above, as a proximate result of Defendants' acts and omissions, as alleged herein, Plaintiff also suffered a loss of enjoyment of life and other damages in an amount to be proven at trial.

## COUNT TWO
### (Negligence – All Defendants)

21.     Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

22.     At all relevant times, Defendants held the Property open to member of the public and other invitees, including to Plaintiff. Defendants owed a duty to Plaintiff to maintain the Property in a safe and secure condition.

23.     On information and belief, Defendants breached their duty to Plaintiff by failing to use reasonable efforts to prevent, discover and/or remedy the dangerous condition posed by the pallet. Defendants' negligent acts and/or omissions, include, among others:

      a.     Failing to use reasonable care to inspect and maintain the Premises to keep it free from dangerous conditions;

      b.     Failing to locate the pallet in a safe and secure location on the Premises;

4

      c.     Failing to arrange the box of merchandise on the pallet in a safe and secure manner;

      d.     Failing to timely remove from the Premises the dangerous condition posed by the pallet;

      e.     Failing to place warning signs on the Premises to protect against the dangerous condition posed by the pallet;

      f.     Failing to discover dangerous conditions on the Premises, including, the pallet;

      g.     Failing to warn the public about the dangerous condition posed by the pallet; and

      h.     Such other acts or omissions which may be subsequently discovered which caused and/or contributed to the incident.

24.     As set forth above, as a proximate result of Defendants' negligence, Plaintiff suffered physical and/or mental pain and suffering (and will continue to suffer physical and/or mental pain and suffering into the future) in an amount to be proven at trial.

25.     As set forth above, as a proximate result of Defendants' negligence, Plaintiff also incurred medical bills (and will continue to incur medical bills in the future) in an amount to be proven at trial.

**COUNT THREE**
**(Negligent Infliction of Emotional Distress – All Defendants)**

26.     Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

5

27.    At all relevant times, Defendants held the Premises open to members of the public and other invitees, including Plaintiff. Defendants owed a duty to Plaintiff to maintain the Premises in a safe and secure condition.

28.    On information and belief, Defendants breached their duty to Plaintiff by failing use reasonable efforts to discover and/or remedy the unsafe condition posed by the pal. Defendants' negligent acts and/or omissions, include, among others:

      a.    Failing to use reasonable care to inspect and maintain the Premises to keep it free from dangerous walking conditions;

      b.    Failing to locate the pallet in a safe and secure location on the Premises;

      c.    Failing to arrange the box of merchandise on the pallet in a safe and secure manner;

      d.    Failing to timely remove from the Premises the dangerous condition posed by the pallet;

      e.    Failing to place warning signs on the Premises to protect against the dangerous condition posed by the pallet;

      f.    Failing to discover dangerous conditions on the Premises, including, the pallet;

      g.    Failing to warn the public about the dangerous condition posed by the pallet; and

      h.    Such other acts or omissions which may be subsequently discovered which caused and/or contributed to the incident.

29.    As a direct and proximate result of Defendants' above-referenced negligent conduct, Plaintiff suffered, and continues to suffer, severe emotional distress, embarrassment, loss of self-esteem, humiliation and loss of enjoyment of life, and has been and will continue to be

prevented from performing her daily activities and obtaining the full enjoyment of life.

30.     Defendants knew or should have known that Plaintiff's severe emotional distress

and mental and emotional pain was likely or the foreseeable result of their actions.

## TIER ELECTION

31.     Lopez incorporates the preceding paragraphs as if fully set forth herein.

32.     Pursuant to Utah Rule of Civil Procedure 26(c)(3), this is a Tier 3 case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mayra Lopez, prays for relief as follows:

A.     An award of general damages in an amount to be proved at trial;

B.     An award of special damages to be proved at trial; and

C.     An award of attorneys' fees and costs, interest on special damages and such

other and further relief as the Court deems just and proper.

RESPECTUFLLY SUBMITTED this 6th day of August, 2021

**GOSDIS LAW FIRM, PLLC**

/s/.Shane D. Gosdis
Shane D. Gosdis
Attorney for Plaintiff

7